UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GLENN-ROBERT: SCHREIBER : | |
| : | PRISONER |
| v. : | Case No. 3:08cv1683(JBA) |
| : | |
| JOSEPH W. DOHERTY and : | November 20, 2008 |
| BERNARD D. GAFFNEY : | |

RULING AND ORDER

"Glenn-Robert: Schreiber" filed this petition for writ of habeas corpus naming himself as petitioner as "secured party for: Glenn R. Schreiber" and "third party interested intervener." The petition, however, seeks the release of Kristen Mary Bartlett, not Mr. Schreiber. Thus, it appears that Mr. Schreiber brings this action as next friend to Ms. Bartlett ("interested third party under injury").

A necessary condition to establish next friend standing in federal court is showing that Ms. Bartlett cannot litigate her own claims because of mental incapacity, lack of access to court or another similar disability. See Whitmore v. Arkansas, 495 U.S. 149 (1990). Mr. Schreiber makes no showing of incapacity. Thus, he is not a proper petitioner. Because both individuals signed the petition, however, the court considers the petition and pending motion for hearing.

A prerequisite to filing a petition for a writ of habeas corpus in federal court for relief from a state court conviction is that the petitioner be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (citations omitted), or under a

consecutive sentence imposed at the same time as the conviction or sentence under attack. See Garlotte v. Fordice, 515 U.S. 39, 41 (1995).

A review of the Department of Correction website indicates that Ms. Bartlett is not in the custody of the Connecticut Department of Correction. Thus, it is not clear that she can satisfy the "in custody" requirement.

In addition, a federal petition for writ of habeas corpus enables the petitioner to challenge a conviction or sentence on the ground that it violates the U.S. Constitution or federal law. Although petitioner includes a state criminal case number, there is no information regarding any judgment or sentence. Petitioner also does not identify the grounds for relief. Instead, the petition contains a list of questions petitioner would pose to two state court judges.

Finally, Rule 8(b), D. Conn. L. Civ. R., requires that habeas corpus petitions be submitted on court approved forms. Petitioner has not complied with this rule.

In conclusion, the Clerk is directed to send petitioner a 28 U.S.C. § 2254 habeas form with this order. Petitioner is directed to identify the conviction or sentence being challenged, include all claims in the amended petition and **answer all questions** with regard to each claim, especially those demonstrating that petitioner has exhausted state court remedies. If Mr. Schreiber brings the amended petition on Ms. Bartlett's behalf, he shall provide evidence of Ms. Bartlett's inability to litigate this matter on her own. The amended petition shall be filed no later than December 10, 2008. Failure to timely file the amended petition will result in the dismissal of this action.

In light of this order, any hearing would be premature. Accordingly, the motion for immediate hearing [**doc. #2**] is **DENIED** without prejudice.

                                          IT IS SO ORDERED.

                                          /s/  
                                          Janet Bond Arterton  
                                          United States District Judge

Dated at New Haven, Connecticut this 20th day of November 2008.